Adrian C. Humphreys, Petitioner, *v.* Commissioner of Internal
Revenue, Respondent.

W. Jule Day, Petitioner, *v.* Commissioner of Internal
Revenue, Respondent.

Docket Nos. 53324, 56386, 64301, 64302.    Promulgated February 11, 1936.

*Newton K. Fox, Esq.*, for the petitioner.
*John E. Marshall, Esq.*, for the respondent.

1082

## OPINION.

MORRIS: The sole remaining question pertains to whether or not the alleged distributive shares of the petitioners' wives in the earnings of the copartnership of Humphreys & Day, of which, it is contended, they were members, are taxable to the petitioners.

The respondent, in the notice of deficiency, cites as his authority for transferring the wives' distributive share of the partnership profits to the husbands' income, *Ormsby McKnight Mitchel*, 1 B. T. A. 143, and *Edward J. Luce*, 18 B. T. A. 923. In neither of those proceedings was it contended that the partner's wife was a

member of the partnership. In the former a subpartnership agreement was involved and in the latter a trust instrument relating to the husband's distributive share of his partnership profits. The questions presented and the facts are clearly distinguishable from the instant proceeding.

The petitioners contend that there was a partnership during the taxable years of which the wives were members and that therefore each partner was taxable on his or her distributive share of the profits as apportioned in the partnership agreement. They point to the original contribution of capital by their wives and their further contribution under the written agreement of January 4, 1923, and to the other factors indicative of the wives' membership in the partnership. These arguments would be persuasive of the ultimate conclusion contended for by the petitioners if we were considering the taxability of the distributive shares of a trading partnership the income from which is dependent upon the use of capital. The picture here presented, however, is that of a partnership deriving its income from personal service. Whether that service was of a legal or accounting nature, a question upon which the parties disagree, it is admitted that the petitioners' wives were not qualified along either line nor is it contended that they rendered any such service. Our question is to determine whether, under such circumstances, the petitioners can relieve themselves of the payment of tax on a portion of their income attributable to personal service through the medium of a partnership agreement with their wives. The problem as thus presented has not been specifically ruled on by the courts but a number of decisions point the way.

The Supreme Court in *Lucas* v. *Earl*, 281 U. S. 111, stated:

\* \* \* There is no doubt that the statute could tax salaries to those who earned them and provide that the tax could not be escaped by anticipatory arrangements and contracts however skilfully devised to prevent the salary when paid from vesting even for a second in the man who earned it. That seems to us the import of the statute before us and we think that no distinction can be taken according to the motives leading to the arrangement by which the fruits are attributed to a different tree from that on which they grew.

The rule of that case is that earned incomes are taxed to and must be paid by those who earn them, not to those whom the earners are under contract to pay the income. *Saenger* v. *Commissioner*, 69 Fed. (2d) 631. In the course of its opinion the court, in the latter case, said:

It [*Lucas* v. *Earl, supra*] establishes once for all that no device or arrangement, be it ever so shrewdly and cunningly contrived, can make future earnings taxable to any but the real earner of them, can make future income from profits taxable to any but the owner of the right or title from which the income springs. \* \* \*

1088

The court in *Van Meter* v. *Commissioner*, 61 Fed. (2d) 817, used the following language:

The Supreme Court has definitely determined that Congress has the power to tax the earner of income therefor, irrespective of whether it is paid to some one else [citations deleted]. Our only question is, therefore, has Congress manifested such an intention in the statutes here applicable.

The "earner" of income is one whose personal efforts have produced it; who owns property which produced it or a combination of the two. Decisions of the Supreme Court have declared that the income statutes require taxation to the earner in each of the three above sources of income where the income was actually realized but never came to beneficial enjoyment by the earner.

See also *Emery* v. *Commissioner*, 78 Fed. (2d) 437.

The controlling principles underlying the above decisions are equally applicable to the instant proceedings. The amounts which the respondent has added to the petitioners' income were earned through their personal services. They may not relieve themselves of tax liability thereon by an agreement that their wives shall share equally in said earnings, even though such contract is binding as between themselves. The respondent's determination in this respect is approved.

The parties in recomputing the deficiencies herein shall give effect to the stipulated adjustments.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

TURNER dissents.